I UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARCOS MENDEZ | No. 3:19-cr-22 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Marcos Mendez ("Defendant") has filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot. to Reduce Sentence, ECF No. 400 (Apr. 10, 2024) ("Mot.").

The Government filed a response opposing any reduction of sentence. Response re Motion to Reduce Sentence, ECF No. 403 (May 23, 2024) ("Opp'n").

For the reasons set forth below, Mr. Mendez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**I.   BACKGROUND**

On May 18, 2021, Mr. Mendez plead guilty to Count One of the indictment in this case, which charged him with Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii). Minute Entry, ECF No. 248 (May 18, 2021); Plea Agreement, ECF No. 249 (May 18, 2021).

On October 18, 2021, the Court sentenced Mr. Mendez to a term of 72 months imprisonment followed by a term of four years' supervised release. Judgment, ECF No. 316 (July 16, 2019); *see also* Judgement, 3:18-cr-191 (VAB), ECF No. 42 (July 16, 2019).

On April 10, 2024, Mr. Mendez filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the U.S.S.G. Mot.

1

On April 15, 2024, the Probation Office filed a supplement to the presentence investigation report in reference to Mr. Mendez's motion. Presentence Investigation Report (Supplement – Amendment 821), ECF No. 117 (Apr. 15, 2023) ("PSR Supp.").

On May 23, 2024, the Government filed response to Mr. Mendez's motion. Opp'n.

On October 8, 2024, Mr. Mendez submitted a reply. ("Reply")

## II.  STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

"[A] court may reduce the term of imprisonment after considering the factors set forth in section 3553(a)[,] and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.C. § 1B1.10. *Martin*, 974 F.3d at 136 (citation omitted). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing, *Dillon*, 560 U.S. at 827, and generally, courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

2

### III.   DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). Under the revised guidelines, a "zero-point" offender receives a decrease of two offense levels if the defendant meets all the criteria in § 4C1.1:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense);
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> *See* U.S.S.G. § 4C1.1.

Mr. Mendez argues that he meets the criteria in § 4C1.1, and thus his sentence should be reduced. Mot. at 2. Mr. Mendez further argues that he has "actively and consciously participated and completed multiple Evidence- Based-Recidivism-Reduction-Programs and BOP's designed program courses" and "is currently categorized as Minimum Recidivism Level, demonstrating his good behavior and commendable character during his time in custody." *Id.* at 4–5. In

3

addition, Mr. Mendez argues on reply that he is eligible for a role reduction under § 3B1.2(b) because his role was minimal. Reply at 2.

The Government argues that Mr. Mendez is ineligible for a sentence reduction because his original sentence of 72 months falls below the minimum amended guidelines range, 87 to 108 months, and thus the Court may not reduce his sentence under Section 3582(c)(2). Opp'n at 3–4.

The Probation Office likewise has stated that while Mr. Mendez meets the criteria in § 4C1.1, he is ineligible for a sentence reduction given that Mr. Mendez's original sentence, 72 months, is below the minimum amended guideline range, 87 months, and cannot be reduced further. PSR Supp. at 3.

The Court agrees.

At the time of his sentencing, Mr. Mendez had no prior criminal convictions, and thus he qualifies for the two-level reduction for "zero-point" offenders. *See* U.S.S.G. § § 4C1.1 ("If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A[.]"). Accordingly, under the revised guidelines, his total offense level is reduced from 31 to 29, resulting in an imprisonment range of 87 to 108 months.

"[Section] 1B1.10(b)(2) bars district courts from 'reduc[ing] the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and [the Guidelines] to a term that is less than the minimum of the amended guideline range,' except where a defendant previously provided 'substantial assistance' to the government." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(2)(A)–(B)), Therefore, as Mr. Mendez's amended minimum guidelines range is 87 months, and he has not provided "substantial assistance to authorities," U.S.S.G. § 1B1.10(b)(2)(B), the Court may not reduce his sentence below 87 months. Consequently, Mr. Mendez's original sentence of 72 months cannot be reduced under §

3582(c)(2). *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("Subject to certain exceptions, the policy statement prohibits district courts from reducing the defendant's sentence 'to a term that is less than the minimum of the amended guideline range.' In *Dillon* . . . the Supreme Court agreed with our view that courts 'are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is consistent with applicable policy statements issued by the Sentencing Commission.'" (citing U.S.S.G. § 1B1.10 (b)(2)(A) then *United States v. Williams*, 551 F.3d 182, 186 (2d Cir.2009)).

Accordingly, the Court cannot reduce Mr. Mendez's sentence.

### IV.     CONCLUSION

For the reasons explained above, Mr. Mendez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 24th day of January, 2025.

  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge